RECORD NO. 11-4187

In The
# United States Court of Appeals
### For The Fourth Circuit

## UNITED STATES OF AMERICA,

*Plaintiff – Appellee*,

v.

## GREGORY ALFRED WHYTE,

*Defendant – Appellant*.

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
AT BALTIMORE**

---

**PETITION FOR REHEARING AND REHEARING *EN BANC***

---

**Erek L. Barron**
**BARRON & ASSOCIATES, LLC**
**1300 Caraway Court, Suite 200**
**Largo, Maryland 20774**
**(301) 364-1607**

*Counsel for Appellant*

---

**THE LEX GROUP** ♦ 1108 East Main Street ♦ Suite 1400 ♦ Richmond, VA 23219
(804) 644-4419 ♦ (800) 856-4419 ♦ Fax: (804) 644-3660 ♦ www.thelexgroup.com

# TABLE OF CONTENTS

**Page**
TABLE OF AUTHORITIES ................................................................................... ii

INTRODUCTION AND STATEMENT OF PURPOSE ........................................... 1

BACKGROUND ....................................................................................................... 1

ARGUMENT ............................................................................................................. 3

    I.     The panel incorrectly found that the government did not constructively amend the indictment and broaden the basis for appellant's conviction .......................................................................... 3

    II.    The panel incorrectly determined there was no evidence admitted at trial from a dismissed charge and thus found no actual prejudice in appellant's joinder claim ........................................ 5

    III.   Trial counsel's ineffective assistance was blatant and conclusively established by the record and the panel should have reviewed the claim ................................................................... 5

    IV.   During appellant's motion for new trial, the court's reliance on its own notes, proven inaccurate by the record, was a clear abuse of discretion and should have resulted in a remand for a new hearing ...................................................................................... 13

CONCLUSION ....................................................................................................... 14

CERTIFICATE OF FILING AND SERVICE

# **TABLE OF AUTHORITIES**

**Page(s)**

## **CASES**

*Albernaz v. United States*,
    450 U.S. 333 (1981)..................................................................................3

*Beltran v. Cockrell*,
    294 F.3d 730 (5th Cir. 2002) .....................................................................7

*Black v. State*,
    151 S.W.3d 49 (Mo. 2004) ........................................................................8

*Braverman v. United States*,
    317 U.S. 49 (1942).....................................................................................3

*Brown w. Smith*,
    551 F.3d 424 (6th Cir. 2008) .....................................................................7

*Dixon v. Snyder*,
    266 F.3d 693 (7th Cir. 2001) .....................................................................7

*Driscoll v. Delo*,
    71 F.3d 701 (8th Cir. 1995) .......................................................................7

*Harris v. Senkowski*,
    298 F. Supp. 2d 320 (E.D.N.Y. 2004) .......................................................8

*Higgins v. Renico*,
    470 F.3d 624 (6th Cir. 2006) .....................................................................7

*Lockhart v. Fretwell*,
    596 U.S. 364 (1993).................................................................................12

*Mackall v. Murray*,
    109 F.3d 957 (4th Cir. 1997) .............................................................. 13-14

*Millam v. State*,
  745 N.W.2d 719 (Iowa 2008) ................................................................................8

*Miller v. State*,
  665 S.E.2d 596 (S.C. 2008) ..................................................................................8

*Moffett v. Kolb*,
  930 F.2d 1156 (7th Cir. 1991) ...............................................................................8

*Murray v. Carrier*,
  477 U.S. 478 (1986) ..............................................................................................6

*Nixon v. Newsome*,
  888 F.2d 112 (11th Cir. 1989) ...............................................................................8

*Reynoso v. Giurbino*,
  462 F.3d 1099 (9th Cir. 2006) ...............................................................................7

*Roberts v. United States*,
  445 U.S. 552 (1980) ............................................................................................11

*Russell v. United States*,
  369 U.S. 749 (1962) ..............................................................................................3

*Smith v. Moore*,
  137 F.3d 263 (4th Cir. 1998) .................................................................................5

*Smith v. Wainwright*,
  741 F.2d 1248 (11th Cir. 1984) .............................................................................8

*Steinkuehler v. Meschner*,
  176 F.3d 441 (8th Cir. 1999) .................................................................................7

*Strickland v. Washington*,
  466 U.S. 668 (1984) .......................................................................................6, 12

*United States v. Fletcher*,
  74 F.3d 49 (4th Cir. 1996) .....................................................................................3

*United States v. Klauber*,
    611 F.2d 512 (4th Cir. 1979) ..............................................................................11

*United States v. MacCloskey*,
    682 F.2d 468 (4th Cir. 1982) ..............................................................................11

*United States v. Malloy*,
    568 F.3d 166 (4th Cir. 2009) ............................................................................3, 4

*United States v. Matzkin*,
    14 F.3d 1014 (4th Cir. 1994) ................................................................................6

*United States v. Sands*,
    968 F.2d 1058 (10th Cir. 1992) ..........................................................................13

*United States v. Smith*,
    62 F.3d 641 (4th Cir. 1995) ............................................................................5, 13

*United States v. Woods*,
    812 F.2d 1483 (4th Cir. 1987) ..............................................................................5

## **CONSTITUTIONAL PROVISIONS**

U.S. CONST. amend. V................................................................................1, 3, 11

U.S. CONST. amend. VI ...............................................................................1, 3, 6

## **RULES**

4th Cir. L. R. 35 .............................................................................................................1

Fed. R. App. P. 35 .........................................................................................................1

Fed. R. Crim. P. 8(a) .................................................................................................1, 5

Fed. R. Crim. P. 33.......................................................................................................5

## INTRODUCTION AND STATEMENT OF PURPOSE

This case readily satisfies the established criteria for rehearing en banc set forth in Fed. R. App. P. 35 and 4th Cir. Rule 35, because it concerns questions of exceptional importance that the panel decision resolved in a manner that directly conflicts with the precedent of this Court and the Supreme Court. Exceptionally important issues concerning the scope of individual constitutional rights under the Fifth and Sixth Amendments, particularly double jeopardy rights and the right to effective representation. Furthermore, the case raises important issues concerning the degree of prejudice actual necessary where a trial court commits error in allowing joinder under Fed. R. Crim. P. 8(a). Finally, the panel's troubling decision also allows a trial court to conduct an important hearing on ineffective assistance of counsel completely devoid of evidentiary protocol and while relying on the judge's own inaccurate memory.

## BACKGROUND

On April 27, 2010, a federal grand jury sitting in the District of Maryland returned an indictment charging the defendant with three counts: (1) conspiracy to distribute and possess with intent to distribute cocaine on or about March 1, 2008 to on or about June 2, 2009 (Count One); (2) attempt to possess with intent to distribute cocaine (Count Two) on or about March 18, 2009; and (3) attempt to possess with intent to distribute cocaine on or about June 2009 (Count Three). J.A.

1

14-16. Three days prior to trial, on September 10, 2010, the Honorable Judge Richard D. Bennett, with consent of the parties, severed Count 2 from the indictment. J.A. 79-80. And, on September 21, 2010, after a six-day jury trial, the defendant was convicted of the remaining counts from the indictment. J.A. 350-51.

The defendant appealed arguing that: (1) the trial court improperly joined two unrelated offenses; (2) the government violated defendant's double-jeopardy rights by impermissibly alternating between a single conspiracy to a multiple conspiracy theory of the case; (3) the defendant's right to effective assistance of counsel was violated when his counsel failed to call witnesses that would have impeached the government's key witness; and (4) the court committed reversible error when it conducted the hearing on defendant's motion for new trial by not holding an evidentiary hearing on the claim of ineffective assistance with the benefit of the trial transcript and trial counsel but, instead, relied on the court's own inaccurate trial notes.

# ARGUMENT

I. **The panel incorrectly found that the government did not constructively amend the indictment and broaden the basis for appellant's conviction.**

The Fifth Amendment to the United States Constitution provides for a right to indictment by grand jury. Const. amend. V. The Sixth Amendment further provides that: "In all criminal prosecutions, the accused shall enjoy the right…to be informed of the nature and cause of the accusation." U.S. Const. amend. VI. Due process entitles every defendant to reasonable notice of the approximate date of the charged offense so as to allege double jeopardy or claim statute of limitations when appropriate. *Russell v. United States*, 369 U.S. 749 (1962). These requirements serve to ensure defendant's right to be tried only on charges presented to the grand jury. *Albernaz v. United States*, 450 U.S. 333 (1981); *see also Braverman v. United States*, 317 U.S. 49 (1942). A "fatal variance" or "constructive amendment" violates these rights and requirements and requires reversal. *See United States v. Fletcher*, 74 F.3d 49, 53 (4th Cir. 1996) (constructive amendment is per se reversible error).

"When the government, through its presentation of evidence or its argument, or the district court, through its instructions to the jury, or both, broadens the basis for conviction beyond those charged in the indictment, a constructive amendment - sometimes referred to as a fatal variance-occurs." *United States v. Malloy*, 568

3

F.3d 166, 178 (4th Cir. 2009). A variance "does not violate a defendant's constitutional rights unless it prejudices the defendant either by surprising him at trial and hindering the preparation of his defense, or by exposing him to the danger of a second prosecution for the same offense." *Id.* Here, both problems are present as a result of the government's presentation of evidence and argument.

The defendant thought he would be preparing for the surrounding circumstances of the attempted drug transaction of June 2009 and a conspiracy based on that transaction. However, when it came to trial the government presented evidence from Count Two, which had previously been severed. This is impermissible and broadened the basis for appellant's conviction.

First, the government elicited testimony from Sargent Andy Johnson that he sought Motor Vehicle Administration records on a "Tony Smith." This was evidence from an entirely separate alleged drug transaction and alerted the jury that some illegal activity other than that specifically alleged at trial had taken place, thereby broadening the basis for appellant's conviction.

Second, a witness, Deidre Moultrie, who no one had any reason to expect to appear in this case except as to the severed count, also testified in appellant's case. She testified she has known the defendant since about 2006 and was probably introduced to him by the name "Manny" (September 15, 2009 Tr. 56-59). The defendant's surprise is reflected in the record with an objection and during a bench

4

conference where trial counsel notes that "Ms. Moultrie wasn't involved in this case. She was involved in the other case…the other count" (September 15, 2009 Tr. 57-58). Her appearance broadened the basis for appellant's conviction. The panel judged incorrectly and it is important this court determine the precise scope of a constructive amendment.

II. **The panel incorrectly determined there was no evidence admitted at trial from a dismissed charge and thus found no actual prejudice in appellant's joinder claim.**

In rejecting appellant's claim of improper joinder under Fed. R. Crim. P. 8(a), the panel states that "[a] review of the record shows that the jury only heard evidence pertaining to the one possession charge, and no evidence relating to the dismissed charge was admitted." However, as explained in the previous argument above, a review of the record shows this is not true.

III. **Trial counsel's ineffective assistance was blatant and conclusively established by the record and the panel should have reviewed the claim.**

Whether a defendant received ineffective assistance of counsel is reviewed de novo on appeal. *Smith v. Moore*, 137 F.3d 263, 267 (4th Cir. 1998). A defendant who timely alleges ineffective assistance of counsel by motion for new trial based on "other grounds" under Fed. R. Crim. P. 33 may file a direct appeal of the decision in the district court. *United States v. Smith*, 62 F.3d 641, 651 (4th Cir. 1995); *see also United States v. Woods*, 812 F.2d 1483 (4th Cir. 1987).

5

Importantly, a defendant may raise ineffective assistance on direct appeal if it appears *from the record* that defendant's counsel did not provide effective representation. *United States v. Matzkin*, 14 F.3d 1014 (4th Cir. 1994).

The Sixth Amendment to the United States Constitution guarantees the right to effective assistance of trial counsel. Const. amend. VI. Under the U.S. Supreme Court's Sixth Amendment jurisprudence, beginning with *Strickland v. Washington*, claims of ineffective assistance of counsel are reviewed under a two-pronged analysis whereby a defendant must show that (1) his counsel's performance was deficient and fell below the objective standard of competence and (2) that this deficiency prejudiced the defense such that there is a reasonable probability or significant possibility of a different result had counsel not made such serious attorney error. *Strickland v. Washington*, 466 U.S. 668 (1984).

Under the "performance prong," *Strickland* does not provide an all-inclusive list of imperatives that trial counsel must perform and does "not restrict the wide latitude counsel must have in making tactical decisions." *Id.* at 688-90. Instead, *Strickland* lists a set of minimum duties required of counsel, including: a duty of loyalty, a duty to advocate, a duty to consult with one's client, and a duty to execute enough skill and knowledge to ensure a fair trial. *Id.* Even isolated errors alone may be sufficient to prove non-compliance with the "performance prong." *Murray v. Carrier*, 477 U.S. 478, 495 (1986). A number of cases from the various

6

federal courts of appeal demonstrate how even a *single* attorney error or deficiency in cross-examining or challenging the credibility of a government witness may constitute a denial of effective assistance of counsel. *See e.g.*, *Brown w. Smith*, 551 F.3d 424 (6th Cir. 2008) (counsel ineffective in sexual molestation of teenage daughter case for failing to investigate and obtain daughter's counseling records; the counselor, who saw the daughter both before and after the alleged assault, did not believe her and counsel's alleged belief that the counselor would not have been a credible witness did not excuse the conduct); *Reynoso v. Giurbino*, 462 F.3d 1099 (9th Cir. 2006) (counsel ineffective in murder case for failing to cross-examine state witnesses about their motivation for testifying); *Higgins v. Renico*, 470 F.3d 624 (6th Cir. 2006) (counsel was ineffective in murder case for failing to cross-examine the key prosecution witness because of lack of preparation); *Beltran v. Cockrell*, 294 F.3d 730 (5th Cir. 2002) (counsel was ineffective in capital murder trial for failing to adequately investigate and to impeach eyewitness testimony that the defendant was the only person they had picked from photographic lineups); *Dixon v. Snyder*, 266 F.3d 693 (7th Cir. 2001) (counsel ineffective in murder case for failure to adequately prepare and to cross-examine the state's sole eyewitness); *Steinkuehler v. Meschner*, 176 F.3d 441 (8th Cir. 1999) (counsel ineffective in first degree murder case for failing to adequately impeach a witness); *Driscoll v. Delo*, 71 F.3d 701 (8th Cir. 1995) (counsel

ineffective in guilt phase for failing to adequately cross-examine serologist and impeach state witness with prior inconsistent statement); *Moffett v. Kolb*, 930 F.2d 1156 (7th Cir. 1991) (counsel ineffective in murder case for failing to introduce prior inconsistent statements of state witness who told investigating detective two times that defendant's brother and not defendant fired the gun at victim); *Nixon v. Newsome*, 888 F.2d 112 (11th Cir. 1989) (counsel rendered ineffective assistance of counsel in defendant's murder trial when he failed to impeach a witness with prior inconsistent testimony she gave at the trial of another individual being tried for the same murder); *Smith v. Wainwright*, 741 F.2d 1248 (11th Cir. 1984) (counsel ineffective for failing to use prior conflicting statements by the state's primary witness and his wife (that witness committed murder) to impeach witness who testified at trial that defendant committed murder).[1]

---

[1] A number of U.S. District Court and state cases also illustrate the point. *See e.g.*, *Harris v. Senkowski*, 298 F. Supp. 2d 320 (E.D.N.Y. 2004) (counsel was ineffective in second degree robbery case for failing to challenge the testimony of the robbery victim with her prior inconsistent description of the robber; the court found that counsel's conduct was deficient and that "[a] more compelling example of ineffective representation is difficult to fathom."); *Miller v. State*, 665 S.E.2d 596 (S.C. 2008) (counsel ineffective in armed robbery case for failing to cross-examine the defendant's girlfriend, a state witness, regarding the similarities of three armed robberies she and the defendant's nephew were charged with); *Millam v. State*, 745 N.W.2d 719 (Iowa 2008) (counsel ineffective in sexual abuse case for failing to present evidence of the alleged victim's prior, false accusation of sexual abuse); *Black v. State*, 151 S.W.3d 49 (Mo. 2004) (counsel ineffective in capital trial for failing to impeach three state witnesses with prior inconsistent statements that supported the defense theory that the killing was committed in self-defense rather than as the result of deliberation).

8

In the present case, ineffective assistance of counsel was clearly demonstrated by the record. The government's case depended on the testimony of one witness, Ronald Hamilton, to connect appellant to the alleged drug conspiracy. Trial counsel was armed with ample opportunity to impeach Hamilton and demonstrate that he orchestrated this drug trafficking venture and that he was motivated to implicate the defendant. She had at least *two* clear opportunities to do this.

Hamilton confessed to *two* witnesses, Sean Bundy and Maurice Epps, that he lied to the grand jury and implicated the defendant to make himself appear less culpable. Bundy was also expected to testify about Hamilton being the true connection to narcotics from California. Both witnesses, Bundy and Epps, indicated their willingness to testify on behalf of the defense. J.A. 440-41. Trial counsel summarized for the court how critically important Bundy's testimony was to defendant's case, saying:

> [Bundy] has known Mr. Hamilton for over 20 years. Mr. Hamilton gave him his connections when he was in jail, secured his drugs from California. He, in addition, while he was detained in the jail, he – Hamilton explained to him that he was making up this story about Mr. Whyte to get a better charge.

J.A. 157. But when trial counsel called Bundy to testify, his testimony was cut short and the jury was excused briefly pending a bench conference and evidentiary ruling. J.A. 176-77. The importance of Bundy's testimony was clearly indicated

9

by the intense discussion at the bench between defendant's counsel, the prosecutor, and the court regarding the importance of Bundy's testimony. J.A. 157-186. In the end, the court ruled that:

> under the Residual Exception, Rule 807, despite not having provided notice to the Government, Ms. King, you're going to be permitted to inquire as to Mr. Hamilton's comments to Mr. Bundy in the time frame from June of 2009 to August 2010 as to the involvement, or lack thereof, as to Mr. Whyte. With respect to the matter of prior drug dealings, you can inquire of this witness briefly, from Mr. Bundy, in terms of his belief that Mr. Bundy (sic) was his previous source of drugs in California.

J.A. 185. Significantly, the court felt this ruling was "in the interest of justice" and required for "completeness." J.A. 169, 171.

As defendant's counsel recommenced her direct examination, the trial court stopped her due to the "very sophisticated evidentiary issues" at work during Bundy's testimony and the court's desire to have Bundy's attorney present to advise the defendant regarding his continued testimony. J.A. 188-89. The court ordered the parties reconvene for trial the following Monday, September 20, 2010 at 10 a.m. with Bundy's testimony. However, Bundy, who was in custody, was not brought back to court to testify. Inexplicably, trial counsel voluntarily and without objection, continued the trial *without* Bundy's testimony. J.A. 199. At the same time, the court was under the false impression that Bundy had already testified as proffered by defendant's counsel. J.A. 199-202, 412. However, counsel did *not* establish, or even attempt to establish, what she proffered to the court. J.A. 435.

10

To make matters worse, defendant's counsel actually *asked that the court strike Bundy's testimony from the record*. J.A. 199. The same day, Bundy wrote trial counsel a letter expressing his desire to testify for the defense and saying "I know the truth to your case" and "all I want to do is tell the truth." J.A. 440. Trial counsel should have demanded Bundy's appearance at elicited his proffered testimony.

Defendant's second witness, Gerard Epps, also did not appear to testify and made an unsubstantiated assertion of Fifth Amendment privilege. J.A. 441. Trial counsel should have challenged Epps' assertion of his Fifth Amendment rights. *See e.g.*, *Roberts v. United States*, 445 U.S. 552, 560 n. 7 (1980) ("It is the duty of a court to determine the legitimacy of a witness' reliance upon the Fifth Amendment"); *United States v. MacCloskey*, 682 F.2d 468, 477 (4th Cir. 1982) (noting the requirement that the court rule on declarant's unavailability due to Fifth Amendment privilege); *United States v. Klauber*, 611 F.2d 512, 514 (4th Cir. 1979) ("The right to invoke the Fifth Amendment as to any question put is not absolute. The trial judge in appropriate cases may determine that a foundation for invocation of the Fifth Amendment does not exist."). Because Epps would not have been able to properly claim the privilege he would have provided valuable testimony for the defense. Each of these deficiencies, the failure to recall Bundy and the failure to call Epps, were clearly demonstrated by the record and were

11

sufficient to find that trial counsel's performance fell below an objective standard of competence.

Under *Strickland's* prejudice prong, "a defendant need not show that counsel's deficient conduct more likely than not altered the outcome in the case." *Id.* at 686. Instead, the Court determined that "the appropriate standard of prejudice should be somewhat lower" and that the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* The Court further instructed that a "reasonable probability is *a probability sufficient to undermine confidence in the outcome*." *Id.* (emphasis added). Importantly, the inquiry under the prejudice prong focuses on "confidence of the outcome" and requires only a significant possibility of a different result. *Lockhart v. Fretwell*, 596 U.S. 364, 369 (1993).

The defendant was prejudiced by trial counsel's errors because the government's star witness was not impeached with the wide range of evidence readily available to his trial counsel. Bundy and Epps were subpoenaed for trial. They were both available to appear in court. They were both eager to testify for the defense. And, they both would have provided relevant impeachment testimony that corroborated Hamilton's notarized, written statement that he lied to the grand jury. Moreover, Bundy was ready to testify that Hamilton was the actual source of supply for illegal narcotics. Importantly, the impeachment of Hamilton would

12

have also affected the credibility of at least two other witnesses in appellant's trial. If Hamilton were sufficiently impeached with the tools that were available to trial counsel, it would have infected the government's entire case.

The trial court actually attempted to assist the defendant in getting this impeachment evidence out on the record "in the interest of justice" and for "completeness" *despite* trial counsel's failures. J.A. 169, 171. This was necessary because no reasonable person could have confidence in the outcome of a case under these circumstances. But, when the court mistakenly believed that the proffered testimony has been made on the record, (see J.A. 199-202, 412) it was trial counsel's responsibility to ensure the record was complete, especially as it relates to impeachment of a key witness. Defendant's trial counsel's failure is plainly demonstrated in the record on appeal but was missed by the panel.

**IV.  During appellant's motion for new trial, the court's reliance on its own notes, proven inaccurate by the record, was a clear abuse of discretion and should have resulted in a remand for a new hearing.**

A trial court's decision whether to hold an evidentiary hearing on a motion for new trial is reviewed for abuse of discretion. *Smith*, *supra*, at 651 citing *United States v. Sands*, 968 F.2d 1058, 1066 (10th Cir. 1992) (a district court should conduct an inquiry when a colorable claim of ineffective assistance of counsel is raised at trial). This court will remand for an evidentiary hearing when a "more thorough development" of certain issues is necessary. *See, e.g.*, *Mackall v.*

13

*Murray*, 109 F.3d 957 (4th Cir. 1997) (remanding for an evidentiary hearing on the effectiveness of defendant's state habeas counsel, and for more thorough development of the "mitigative evidence" question).

In the instant case, the court decided to hold a hearing on motions for new trial based on ineffective assistance of counsel instead of requiring a writ of habeas corpus. The trial court did so, however, without the transcripts of the trial and, instead, relied on its own inaccurate notes. This was clear on the record but ignored by the panel. Therefore, this court should remand the case for an evidentiary hearing on the motion for new trial to ripen an otherwise underdeveloped record.

## **CONCLUSION**

Wherefore, appellant Gregory A. Whyte, respectfully requests the Court vacate the panel decision, rehear the appeal, and reverse the convictions and grant him a new trial on all counts of conviction, or, in the alternative, remand the case for a rehearing in the District Court.

/s/ Erek L. Barron
Erek L. Barron
BARRON & ASSOCIATES, LLC
1300 Caraway Court, Suite 200
Largo, Maryland 20774
(301) 364-1607

*Counsel for Appellant*

14

# **CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on this 17th day of January, 2012, I caused this Petition for Rehearing and Rehearing *En Banc* to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

John F. Purcell, Jr.
Sujit Raman
OFFICE OF THE U.S. ATTORNEY
36 South Charles Street, 4th Floor
Baltimore, Maryland  21201
(410) 209-4800

*Counsel for Appellee*

/s/ Erek L. Barron
*Counsel for Appellant*